**FLIGHTSAFETY INTERNATIONAL, INC., Plaintiff–Appellant,**

v.

**FLIGHT OPTIONS, LLC, Defendant–Appellee.**

No. 06–0095–cv.

United States Court of Appeals, Second Circuit.

Sept. 1, 2006.

Steven A. Berger, Berger & Webb LLP, New York, New York (Kenneth J. Applebaum, on brief), for Plaintiff–Appellant.

Lauren Resnick, Baker & Hostetler, New York, New York (Josette M. Grippo & Mark I. Bailen, on brief), for Defendant–Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. FlightSafety International, Inc. ("FlightSafety") filed a complaint alleging causes of action arising out of Flight Options LLC's ("Flight Options") breach of two separate contracts, one entered in 1999, and the other entered in 2002. Flight Options moved to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6); FlightSafety now appeals from the district court's grant of Flight Options's motion in a judgment entered December 14, 2005.

"We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6)." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 397 (2d Cir.2006). It is axiomatic that a court will not grant a motion to dismiss pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All factual allegations in the complaint must be accepted as true and all reasonable inferences drawn in favor of the plaintiff. *Shah v. Meeker*, 435 F.3d 244, 248 (2d Cir.2006).

With respect to the claims arising from Flight Options's alleged breach of the 2002 Contract, we AFFIRM the judgment essentially for reasons stated in the district court's opinion. *FlightSafety Int'l, Inc. v. Flight Options, LLC*, 418 F.Supp.2d 103, 108–10 (E.D.N.Y.2005).

However, we disagree with the district court's dismissal of FlightSafety's complaint for claims arising from Flight Options's alleged breach of the 1999 Contract.

*FlightSafety Int'l,* 418 F.Supp.2d at 110–11. The district court concluded that "the integration clause in the 2002 Contract extinguishe[d FlightSafety's] claims under the 1999 Contract." *Id.* at 111. We are not so sure, especially given that this case was resolved on a Rule 12(b)(6) motion.

As alleged in the complaint, the parties entered into two contracts, the first in 1999, the second in 2002. The merger clause in the 2002 Contract reads as follows:

> (19) ***Entire Agreement.*** This Agreement constitutes the entire Agreement between the parties and supersedes all previous negotiations, representations, undertakings and agreements heretofore made between the parties with respect to its subject matter; and the rights of the parties hereto shall be governed exclusively by the provisions, terms and conditions hereof, unless otherwise by the parties in writing.

The merger clause makes no reference to the 1999 Contract and does not indicate whether either party retained any rights that might have resulted from the alleged breach of the 1999 Contract. It is therefore not clear whether the parties intended "agreements" to mean prior written contracts, specifically, the 1999 Contract.

In its complaint, FlightSafety averred that Flight Options had repudiated the 1999 Contract, utilizing another company to train its pilots, and that as a result, Flight Options was in default of the 1999 Contract. According to the complaint, written notice of the default was provided on January 29, 2001 and "[n]otwithstanding such notice, Flight Options failed to

remedy its breach of the 1999 Contract." Exhibit C to the complaint is the January 29, 2001 letter from FlightSafety notifying Flight Options that it was in breach of the 1999 Contract and that if Flight Options did not enter into a new agreement by February 5, 2001,[1] the 1999 Contract would be deemed terminated. The letter further stated that in the event of a termination, FlightSafety would *not agree* to "waiv[e] any of its rights or remedies" for Flight Options's breach of the 1999 Contract. Thus, the complaint as pled sets out a separate contract, a breach by Flight Options, and a declaration of termination of the contract with a reservation of rights by FlightSafety.

The merger clause in the 2002 Contract covers all prior agreements between the two parties "with respect to its subject matter." The 1999 Contract provided in relevant part that FlightSafety would provide training on twenty-nine different aircraft models (later amended to include more), while the 2002 Contract dealt with training on four aircraft models, only two of which were also listed in the 1999 Contract. The two agreements also differed with regard to the frequency of training and the rates for the training services of FlightSafety. It is not clear that the two contracts were viewed by the parties as the same "subject matter."

Accepting all of FlightSafety's allegations as true—as we must—we cannot conclude as a matter of law that the 2002 Contract's merger clause acted as a release of any and all FlightSafety's rights or remedies under the 1999 Contract, or that the two contracts involve the same subject matter. This is particularly so

---

1. The time period given by FlightSafety between notice of breach, January 29, 2001, and noticed "termination," February 5, 2001, was less than the 60–days required by the 1999 Contract. However, even assuming the 60–day window was properly given, FlightSafety's termination would have been procedurally proper under the 1999 Contract if we accept FlightSafety's allegations in the complaint as true. The parties did not enter into a new contract (the event that would have overridden FlightSafety's termination of the contract) until over a year later—April 2002.

because FlightSafety expressly reserved its right to sue under the 1999 Contract in its January 29, 2001 letter to Flight Options. Moreover, the complaint casts the relationship between FlightSafety and Flight Options as two separate contractual arrangements as opposed to a single business transaction in which the parties, faced with a breach of the 1999 Contract by Flight Options, sought to continue their relationship through the negotiation and execution of the 2002 Contract. As a result, it was inappropriate for the district court to dismiss at the pleading stage FlightSafety's complaint as to the claims for relief arising from the alleged breach of the 1999 Contract.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED in part, VACATED in part, and REMANDED.